UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GLEN EDWARD NEALY, JR.**<br>    Fed. Reg. No. 16112-035<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-0004**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **N. VASQUEZ, WARDEN, FCI**<br>**BEAUMONT, TEXAS** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Glen Edward Nealy, Jr. filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on November 20, 2014. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Corrections Institute, Beaumont, Texas, however, he attacks a probation violation detainer issued by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED.**

*Statement of the Case*

In 1999 petitioner was convicted of aggravated incest in the First Judicial District Court, Caddo Parish, Louisiana. He was sentenced to serve 5 years; however, his sentence was suspended. In 2007 he was convicted in the First Judicial District Court of failing to register as a sex offender.  On October 24, 2012, he was indicted by a federal grand jury in this District for traveling in interstate commerce and failing to register as a sex offender.  On January 24, 2013, he pled guilty and on May 21, 2013, he was sentenced to serve 30 months consecutive to his

Louisiana sentence. *U.S.A. vs. Glen Edward Nealy, Jr.,* No. 5:12-cr-00291 at Docs. 1 (indictment), 26 (plea), and 30-32 (sentencing). His conviction and sentence were affirmed on appeal by the Fifth Circuit Court of Appeals. *U.S.A. v. Glen Edward Nealy, Jr.*, 551 Fed. Appx. 192 (5th Cir. 1/8/2014). *Certiorari* was denied by the United States Supreme Court on May 5, 2014. *Glen Nealy v. United States*, — U.S. —, 134 S.Ct. 2157, 188 L.Ed.2d 1141 (2014).

Petitioner is presently serving his sentence at the F.C.I. Beaumont, Texas. He claims that he is on probation as a result of an unspecified criminal conviction in the Twenty-Sixth Judicial District Court, Bossier Parish in their case bearing Docket Number 182,949, and, that on September 8, 2014, a probation violation detainer was lodged by that court with the Bureau of Prisons. [Doc. 6, ¶6]

In November 2014 he filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of Texas. On December 4 that Court transferred his petition to this Court. Petitioner claims that he is entitled to habeas corpus relief because the Louisiana detainer violates the Interstate Agreement on Detainers Act and the Speedy Trial Act of 1974. According to petitioner, he filed a Motion Requesting Disposition of Charges on some unspecified date and, the Louisiana Court has failed to act thereon. He claims that the unlawful detainer prohibits him from participating in the Residential Drug Abuse Program and other rehabilitation programs and negatively impacts his release date. He asks this court to either dismiss the detainer or to order the State of Louisiana to take him before the Court to dispose of the pending charges. [Doc. 6]

## *Law and Analysis*

Petitioner does not attack the conviction and sentence in the Twenty-Sixth Judicial

District Court. It appears instead that petitioner claims entitlement to a "speedy" revocation of his Louisiana probation. He invokes the jurisdiction of this Court pursuant to 28 U.S.C. §2241.

Even though petitioner is incarcerated in the Eastern District of Texas, this matter is properly pending in this Court. In *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) an Alabama prisoner in custody in an Alabama prison, sought *habeas corpus* relief pursuant to Section 2241 in the United States Court for the Western District of Kentucky. The prisoner attacked the detainer lodged by the State of Kentucky arguing that Kentucky's failure to provide him a "speedy trial" on their charges violated his rights.

Petitioner, like the petitioner in *Braden* (who sought enforcement of his right to a speedy trial) is seeking enforcement of what he implies is a right to a speedy probation revocation hearing. As in *Braden*, it would appear that his petition is cognizable under Section 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir.1987); see also *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

To be entitled to relief pursuant to Section 2241, petitioner must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. Petitioner has not alleged that he is entitled to a Constitutional right to a speedy probation revocation hearing. Indeed, no such right exists. *See Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 280, 50 L.Ed.2d 236 (1976) (parolee imprisoned for crime committed while on parole was not constitutionally entitled to prompt parole revocation hearing); *Carchman v. Nash*, 473 U.S. 716, 105 S.Ct. 3401,

3409, n. 10, 87 L.Ed.2d 516 (1985)('This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing.'); *Christensen v. Zavaras*, 166 F.3d 346 (Table), 1998 WL 796123 (10th Cir.1998)(petitioner seeking removal of detainer on due process grounds has not alleged the violation of a federal constitutional right); *Moultrie v. State of Georgia*, 464 F.2d 551, 552 (5th Cir.1972) (the right to a speedy trial is not applicable to parole revocation proceedings); *Cox v. Feldkamp*, 438 F.2d 1 (5th Cir.1971) (The right to a speedy trial is not involved in a case involving the lodging of parole violation warrant).

  Petitioner claims that the Louisiana detainer interferes with his ultimate release date and prohibits him from participating in rehabilitation programs offered by the BOP. Having failed to establish a Constitutional right to a speedy revocation, he argues instead that he is entitled to a statutory right to a speedy probation revocation as provided in the Interstate Agreement on Detainers Act (IADA). However, it appears that Louisiana has never adopted the IADA, and thus petitioner cannot assert a statutory violation. *See Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993) ("In the absence of the IADA, 'a jurisdiction [can] file a detainer on a prisoner and refuse to prosecute its case until the prisoner's release from incarceration in the first jurisdiction.'") In other words, since petitioner is unable to establish that his custody is in violation of the Constitution or laws of the United States, his habeas petition must be dismissed for failing to state a claim for which relief may be granted.

  Finally, even if petitioner could identify a Constitutional or statutory violation, he would not be entitled to *habeas corpus* relief at this time. Although there is no statutory reference to an exhaustion requirement with regard to *habeas* petitions filed pursuant to Section 2241, federal

courts generally abstain from the exercise of their *habeas corpus* jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225; *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D.La.1988); see also *Braden*, 410 U.S. at 489-92. The exhaustion doctrine is applied to Section 2241 as a matter of comity and is based on federalism grounds in order to protect the state's opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, as well as to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Exhaustion is satisfied only when all of the grounds urged in a federal petition were fairly presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). Petitioner claims that he sought relief in the Twenty-Sixth Judicial District Court. However, according to the petition, that Court has taken no action on his request. Nevertheless, it is clear that petitioner has not sought the supervisory jurisdiction of the Court of Appeal or the Louisiana Supreme Court. It is clear that petitioner has not exhausted any state court remedies, nor has he alleged the absence of such remedies.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that the petition for habeas corpus filed pursuant to 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted; in the alternative, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, April 2, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**